LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Debtor/Defendant

**UNITED STATES BANKRUPTCY COURT**
**THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ROBIN LINUS LEHNER and<br>DONYA TINA LEHNER,<br><br>Debtors. | Case No.: 22-14616-nmc<br>Chapter 7 |
| ALIYA GROWTH FUND, LLC – SERIES X,<br><br>Plaintiff,<br>v.<br><br>ROBIN LINUS LEHNER,<br><br>Defendant. | Adv. No.  23-01073-nmc<br><br><br>Date:   June 15, 2023<br>Time:  9:30 a.m. |

**MOTION TO DISMISS ADVERSARY PROCEEDING PURSUANT TO**
**FED. R. CIV. P. 12(B)(6), FED. R. BANKR. P. 7012(B), FED. R. CIV. P. 9(B),**
**AND FED. R. BANKR. P. 7009**

Defendant, ROBIN LINUS LEHNER (the "Defendant" or "Debtor" as applicable), hereby submits his *Motion to Dismiss* (the "Motion") the *Complaint* (the "Complaint") [AECF No. 1] filed by ALIYA GROWTH FUND, LLC – SERIES X (the "Plaintiff"), for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rule(s)"), as made applicable to this adversary proceeding pursuant to Rule 7012(b)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), for the failure to state a claim upon which relief can be granted and for failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b), made applicable pursuant to Fed. R. Bankr. P. 7009.

This Motion is made and based upon the points and authorities herein, the pleadings and papers on file in this adversary proceeding and the Debtors' pending chapter 7 bankruptcy case, judicial notice which are respectfully requested, and any arguments of counsel at the time of the hearing on this Motion.

## I. JURISDICTION AND VENUE

1. On December 30, 2022 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing his bankruptcy case (the "Chapter 7 Case").

2. Robert E. Atkinson was appointed by the Office of the United States Trustee as the trustee in the Chapter 7 Case (the "Trustee").

3. The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1).

4. Pursuant to 28 U.S.C. §§ 157(b)(2)(B), (I) and (J), this Motion is a core proceeding.

5. Pursuant to Local Rule 7008.1, the Defendant consents to the entry of final orders and judgments by the bankruptcy judge in this matter.

6. Venue is proper for this bankruptcy case in this District pursuant to 28 U.S.C. § 1408(1) and for this Adversary Proceeding pursuant to 28 U.S.C. § 1409(a).

## II. RELEVANT BACKGROUND

7. The Plaintiff is a resident of the State of Nevada, currently residing at 9501 Balatta Canyon Court, Las Vegas, Nevada. Defendant is a professional hockey player with the Golden Knights franchise, and currently resides in Las Vegas, Nevada.

8. Debtor's filed bankruptcy schedules (Schedule F) listed Plaintiff as holding a prepetition *disputed* general unsecured claim in the amount of $4,750,000 [ECF No. 44, p. 22].

2

9. On February 13, 2023, the Plaintiff filed its *Proof of Claim*, Claim No. 8 (the "Proof of Claim"), which asserts a claim of $4,679,259.36 and purports to be secured upon "all personal property" of the Defendant. The asserted basis for perfection of the alleged secured status is "Equitable Subrogation."

10. On March 31, 2023, Plaintiff filed its Complaint, thereby commencing the above-referenced adversary proceeding. Plaintiff appears to assert claims in its Complaint against the Defendant for exception to discharge pursuant to sections 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6) of the Bankruptcy Code.

11. Plaintiff alleges that Defendant made misrepresentations in the physical loan documents. Specifically, all of the alleged misrepresentations are warranties inserted into the loan documents by the drafting party, Plaintiff. There are no factual allegations in the Complaint regarding any representations made prior to the execution of the documents by the Defendant that induced Plaintiff.

12. Plaintiff fails to disclose to the Court that on the date of the execution of the loan documents upon which Plaintiff relies for its claims of alleged misrepresentations, Defendant was admitted to a medical facility for treatment and on several prescription medications. Plaintiff was fully aware of the Defendant's placement in the facility at the time of the execution and prior thereto. Nonetheless, Plaintiff pushed to have Defendant participate in a Zoom signing of the documents while Defendant was in the medical facility. There is no indication that Plaintiff provided the documents to Defendant to review prior to the execution. Defendant has no recollection of signing the loan documents and is believed to have been in bed and on numerous medications at the time of execution. Plaintiff fails to disclose any representations made prior to the execution of the documents by the Defendant that induced Plaintiff into the debt.

### III. LEGAL ARGUMENT

A. **Standard of Decision on a Motion to Dismiss.**

13. Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when the complaint either: (1) lacks a cognizable legal theory, or (2) fails to allege sufficient facts to support a cognizable legal

3

1  theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678; see also Hebbe v. Pliler, 627 F.3d 338, 341-342 (9th Cir. 2010). Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Iqbal, 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

14. The Court should not accept as true a legal conclusion couched as a factual allegation. Id. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Formulaic recitations are insufficient to meet the plausibility standard. Iqbal, 556 U.S. at 678. And, as set forth below, claims sounding in fraud must meet the heightened pleading standard of Fed. R. Civ. P. 9(b).

15. "Material which is properly submitted as part of the complaint may be considered on a motion to dismiss." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Finally, a court may take judicial notice of matters within the context of a motion to dismiss. See Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). The Court may reject allegations contradicted by material it judicially notices. See Schwartz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

4

16.     The grounds for exceptions to a debtor's discharge pursuant to section 523(a) of the Bankruptcy Code are "to be construed liberally in favor of debtors and strictly against the objector." Devers v. Bank of Sheridan, Mont. (In re Devers), 759 F.2d 751, 754 (9th Cir. 1985).

**B.     The First Claim for Relief:  Section 523(a)(2)(A).**

**1.     Elements for a 523(a)(2)(A) Claim and the Complaint's Allegations.**

17.     Section 523(a)(2)(A) of the Bankruptcy Code provides an exception from discharge for any debt "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by--(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

18.     To succeed on their 523(a)(2)(A) claims, the Plaintiffs must establish the following five (5) elements:  (1) misrepresentation(s), fraudulent omission(s), or deceptive conduct; (2) knowledge of the falsity or deceptiveness of such representation(s), omission(s), or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the subject representation(s), omission(s), or conduct; and (5) damage to the creditor proximately caused by its reliance on such representation(s), omission(s), or conduct. See Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219, 1222 (9th Cir. 2010); Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009).

19.     Fraud sufficient to support a claim pursuant to section 523(a)(2)(A) of the Bankruptcy Code cannot be premised upon a mere breach of contract. See McCrary v. Barrack (In re Barrack), 217 B.R. 598, 606 (B.A.P. 9th Cir. 1998) (citing Rubin v. West (In re Rubin), 875 F.2d 755, 759 (9th Cir. 1989)); Soares v. Lorono, No. 12-05979, 2015 WL 151705, at *17 (N.D. Cal. Jan. 12, 2015); Yaikian v. Yaikian (In re Yaikian), 508 B.R. 175, 185 (Bankr. S.D. Cal. 2014) (holding that "[t]he intention not to perform must be present when the agreement is formed; otherwise only a breach of contract is proven.").

20.     By contrast, the mere failure to fulfill a promise to pay a debt is dischargeable unless the debtor made the promise while not intending to pay and/or knowing that payment would be impossible. See Citibank (S.D.), N.A. v. Eashai (In re Eashai), 87 F.3d 1082, 1088 (9th Cir. 1996); Strominger v. Giquinto (In re Giquinto), 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008) ("failure to

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

perform as promised, standing alone, gives rise to a case for breach of contract, not actionable fraud."); 4 Collier on Bankruptcy § 523.08[1][d] n.17 (Alan N. Resnick & Henry J. Somers eds., 16th ed.) ("The failure to perform a mere promise is not sufficient to make a debt nondischargeable, even if there is no excuse for the subsequent breach").[1]

21. Again, all allegations made by the Plaintiff as to Defendant's alleged misrepresentations are representations and warranties that are contained within loan documents that were prepared by Plaintiff and presented to Defendant while in a treatment facility to execute. No allegations are asserted in the Complaint regarding any specific statements made by Defendant prior to the execution date that induced Plaintiff into agreeing to loan monies to the Defendant.

22. The predatory practice by Plaintiff and its agents or representatives or associated actors seems to be standard practice for praying upon professional athletes. Plaintiff was so willing to loan the funds regardless of any side issues or existing debts that they insisted upon the Defendant executing documents while in a treatment facility and while on medication.

23. Plaintiff alleges that Defendant made misrepresentations or omissions arising out of the loan documents that Plaintiff prepared and presented to Defendant while he was in facility. Plaintiff fails to set forth any actual statements made by the Defendant that induced Plaintiff into preparing the loan documents or approving the loan. It is clear that Plaintiff was willing to loan the funds prior to the November 16, 2022 zoom signing in facility. What representation did Defendant, himself, make prior to the execution date that indued Plaintiff into approving the loan through their underwriting process (for which funds were paid from the proceeds), preparing the loan documents, securing the funds, and presenting the forms for execution to the Defendant while in a treatment facility? The Complaint fails to make any allegations in that regard.

24. Additionally, in a § 523(a)(2)(A) case involving the justifiable reliance standard, the Plaintiff must establish that its reliance was justifiable. Plaintiff could not have justifiably relied

---

[1] This is also the case under applicable state law governing fraud claims as well. See, e.g., Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n, 291 P.3d 316 (Cal. 2013); Cundiff v. Dollar Loan Ctr. LLC, 726 F. Supp. 2d 1232, 1238 (D. Nev. 2010); see also Rest. 2d Torts § 530, and comm. b and d.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

on any representations of the Defendant inserted by the Plaintiff into the loan documents themselves, where Plaintiff is well aware of the fact that Plaintiff prepared the documents, inserted the representations and warranties themselves into the documents, and then insisted upon execution of the same when Defendant was in a treatment facility. Again, Plaintiff pleads no facts of writing prepared by Defendant upon which the Plaintiff relied.

25. Regarding the existence of other secured lenders as to Debtor's personal property and pending lawsuits, Plaintiff should be required to pled sufficient facts as to whether Plaintiff conducted any due diligence. It is well settled that a "[creditor's] failure to adhere to the basic standards of their profession is conduct which indicates that they did not reasonably rely on the contract...." In conducting underwriting, Plaintiff had a duty, itself, to assess publicly available information such as filed UCC statements and pending litigations. Plaintiff has not pled sufficient fact regarding its justifiable reliance upon the warranty statements that Plaintiff drafted in the loan documents and instead states this element as a legal conclusion.

26. In addition to the failure to plead sufficient facts in support of the requisite elements, Plaintiffs' allegations in their 523(a)(2)(A) claim in the Complaint lack the requisite particularity required by the heightened federal pleading requirements for allegations of fraud. Fed. R. Civ. P. 9(b) requires that a party alleging fraud to state "with particularity the circumstances constituting fraud." See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). To meet this standard, the complaint must identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about the [purportedly fraudulent] statement, and why it is false." Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation omitted). If particular averments of fraud are insufficiently pled under Fed. R. Civ. P. 9(b), a court should "disregard" those averments, or "strip" them from the claim, and then the court should then examine the allegations that remain to determine whether they state a claim. Vess, 317 F.3d at 1105; Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010).

27. The heightened "particularity" requirements for allegations of fraud in Fed. R. Civ. P. 9(b) apply to claims under 523(a) to the extent the underlying wrong asserted therein is premised

7

on fraud.  See <u>Malekan v. Etesamnia (In re Etesmnia)</u>, No. 15-1005, 2015 WL 6736159 (B.A.P. 9th Cir. Feb. 3, 2015); <u>LBS Fin. Credit Union v. Craciun (In re Craciun)</u>, No. 13-1552, 2014 WL 2211742, at *4 (B.A.P. 9th Cir. May 28, 2014);

28. In particular, with respect to the Plaintiff's allegations that the Defendant failed to disclose "any debt or liability that was not disclosed to AGF through the various documents executed in connection with the AGF Loan and had not guaranteed or otherwise, directly or indirectly, assumed or accepted responsibility for any financial obligation of any third party," the Plaintiff fail to plead, among other matters, what specifically the Defendant allegedly misrepresented to the Plaintiffs, when and where the Defendant made such alleged misrepresentations, the how of the alleged misrepresentations, and whether and how exactly the Plaintiff was damaged as a result.

29. As a result, the Plaintiff's first claim for relief pursuant to section 523(a)(a)(A) of the Bankruptcy Code should be dismissed for failure to state a claim and for a failure plead the fraud allegations underpinning that claim with the requisite particularity.  Such failure to plead the particular information provided by Defendant prior to the execution date is especially inexcusable in light of the fact that Plaintiff admits that substantial fees were paid in connection with its alleged underwriting process, which should have more than adequately equipped the Plaintiff to adequately plead any claims, and to specify what representations were actually made by the Defendant prior to the execution date that resulted in Plaintiff's election to include certain warranties in the loan documents, to originate and fund the loan, and then present it to the Defendant for execution will he was in facility and on medication.

**C.    The Second Claim for Relief:  Section 523(a)(2)(B).**

    **1.    Elements for a 523(a)(2)(B) Claim and the Complaint's Allegations.**

30. Section 523(a)(2)(A) of the Bankruptcy Code provides an exception from discharge for any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by (B) use of a statement in writing (i) that is materially false, (ii) respecting the debtor's or an insider's financial condition (iii) on which the creditor to whom the debtor is

liable for such money, property, services, or credit reasonably relied, and (iv) that the debtor caused to be made or published with intent to deceive." 11 U.S.C. § 523(a)(2)(B).

31. The Ninth Circuit has restated the elements of § 523(a)(2)(B) as seven factors: (1) a representation of fact by the debtor; (2) that was material; (3) that the debtor knew at the time to be false; (4) that the debtor made with the intention of deceiving the creditor; (5) upon which the creditor relied, (6) that the creditors reliance was reasonable; [and] (7) that damage proximately resulted from the representation. Kavoussi v. Johnson & Johnson Fin. Corp. (In re Kavoussi), 60 Fed.Appx. 125, 126 (9th Cir.2003) (quoting Candland v. Ins. Co. of N. America (In re Candland), 90 F.3d 1466, 1469 (9th Cir.1996)).

32. Under § 523(a)(2)(B), Plaintiff is required to prove that Debtor intentionally offered a knowingly false writing when viewed in the totality of the circumstances. See Tustin Thrift & Loan Ass'n v. Maldonado (In re Maldonado), 228 B.R. 735, 738 (9th Cir. BAP 1999) ("The creditor has the burden to establish intent by a preponderance of the evidence under Section 523(a)(2)(B)." (citing First Del. Ins. Co. v. Wada (In re Wada), 210 B.R. 572, 575 (9th Cir. BAP 1997))). "Since direct proof of intent to deceive is nearly impossible to obtain, it may be inferred from proof of surrounding circumstances." Id. at 738. "For the purposes of Section 523(a)(2)(B), intent [to deceive] is 'established by showing either actual knowledge of the falsity of a statement, or reckless disregard for the truth.' " Tovar v. Heritage Pac. Fin., LLC (In re Tovar), B.A.P. No. CC11–1696–MkDKi, Bankr. No. LA–10–41664, Adv. No. LA–10–03016, 2012 WL 3205252, at *12 (9th Cir. BAP Aug. 3, 2012) (quoting Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch), 237 B.R. 160, 167 (9th Cir. BAP 1999)).

33. As stated above, all allegations made by the Plaintiff as to Defendant's alleged misrepresentations are representations and warranties that are statements that were prepared by and written by the Plaintiff. No allegations are asserted in the Complaint regarding any specific statements in writing made by Defendant prior to the execution date that induced Plaintiff into agreeing to loan monies to the Defendant. Rather, all of the alleged "misrepresentations" are contractual warranties inserted into the contract by the Plaintiff, itself, and are not actual writing made by the Defendant. Regarding Defendant's signing of the writings prepared by Plaintiff,

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Plaintiff fails to disclose that the signing occurred while Defendant was in a treatment facility and on medication and, therefore, it is unreasonable to assert that Defendant knowingly published a false statement.

34. Again, Plaintiffs' allegations in its 523(a)(2)(B) claim in the Complaint lack the requisite particularity required by the heightened federal pleading requirements for allegations of fraud. The heightened "particularity" requirements for allegations of fraud in Fed. R. Civ. P. 9(b) apply to claims under 523(a) to the extent the underlying wrong asserted therein is premised on fraud. See Malekan v. Etesamnia (In re Etesmnia), No. 15-1005, 2015 WL 6736159 (B.A.P. 9th Cir. Feb. 3, 2015); LBS Fin. Credit Union v. Craciun (In re Craciun), No. 13-1552, 2014 WL 2211742, at *4 (B.A.P. 9th Cir. May 28, 2014);

35. In particular, the Complaint fails to disclose what information Defendant provided in writing to Plaintiff under 523(a)(2)(B) which induced the Plaintiff to extend to the Debtor.

36. As a result, the Plaintiff's second claim for relief pursuant to section 523(a)(a)(B) of the Bankruptcy Code should be dismissed for failure to state a claim and for a failure plead the fraud allegations underpinning that claim with the requisite particularity.

D. **The Third Claim for Relief: Section 523(a)(6).**

37. Section 523(a)(6) of the Bankruptcy Code provides an exception from discharge for any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

38. Only intentional torts, not negligent or reckless acts, can constitute willful and malicious injury, and a "knowing breach of contract" is insufficient to satisfy 523(a)(6). Kawaauhau v. Geiger, 523 U.S. 57, 60-62 (1998); Lockerby v. Sierra, 535 F.3d 1038, 1041 (9th Cir. 2008). It must be both willful and malicious. See Ormbsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1206 (9th Cir. 2010). There must be subjective motive to inflict injury or the debtor must be substantially certain injury will result. See Carillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002). "[C]onduct is not tortious under § 523(a)(6) simply because injury is intended or 'substantially likely to occur,' but rather is only tortious if it constitutes a tort under state law." Lockerby, 535 F.3d at 1042 (citing Petralia v. Jercich (In re Jercich), 238 F.3d 1202,

10

1206 (9th Cir. 2001), and Del Bino v. Bailey (In re Bailey), 197 F.3d 997, 1000 (9th Cir. 1999)). In other words, "state-specific tortious conduct is required under § 523(a)(6) of the Bankruptcy Code, and thus the Court must determine whether the debtor engaged in conduct that would constitute a tort under applicable state law. Id. at 1043 (citing Jercich, 238 F.3d at 1026, and Bailey, 197 F.3d at 1000).

39. Plaintiff does not actually plead any specific conduct in its Complaint in the 523(a)(6) claim; rather, Plaintiff pleads it as "(a) making false representations and statements to AGF with the malicious intention of holding AGF responsible for Defendant's debts and (b) obtaining the AGF Loan from AGF by misrepresentation without any intent to honor his obligations thereunder" and incorporate by reference the entirety of the preceding pleading. See Compl. ¶¶ 67-68. No actual willful injuries nor malicious injuries were caused or specifically alleged. Instead, Plaintiff simply attempt to recite the statutory elements of 523(a)(6) claim without application of law to fact. Other than Plaintiff's mere vague recitation, however, the Complaint does not specify an actual and specific tort that would except any debt owing from Defendant from discharge pursuant to section 523(a)(6) of the Bankruptcy Code.

40. Breaching a contract, even when done intentionally and without "just cause" or excuse, is not tortious and is insufficient to establish a 523(a)(6) claim. As a result, Plaintiff's claims for "intentional" breach are insufficient to sustain a 523(a)(6) claim as a matter of law, and could only excepted from discharge when it is accompanied by separate malicious and willful tortious conduct. See Lockerby, 535 F.3d at 1041; Jercich, 238 F.3d at 1205; Snoke v. Riso (In re Riso), 978 F.2d 1151, 1154 (9th Cir. 1992); Zeeb v. Farah (In re Zeeb), No. 15-1012, 2015 WL 6720934, at *4 (B.A.P. 9th Cir. Nov. 3, 2015).

41. As stated by the Ninth Circuit, "[s]omething more than a knowing breach of contract is required before conduct comes within the ambit of § 523(a)(6)," and that "something more" is "tortious conduct." Lockerby, 535 F.3d at 1041 (citing Jercich, 238 F.3d at 1209). In fact, the Ninth Circuit cautioned that "[e]xpanding the scope of § 523(a)(6) to include contracts that are intentionally breached whenever it is substantially certain that injury will occur would severely circumscribe the ability of debtors to 'start afresh.'" Id. at 1042.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

42. For example, in <u>Jercich</u>, the court held that the breach of contract violated California law because, in California, tort recovery was permitted when a defendant's conduct violates a fundamental public policy of the state. <u>Jercich</u>, 238 F.3d at 1206. At issue was a state court judgment awarding punitive damages for the nonpayment of employee wages despite an ability to pay. <u>Id.</u> at 1204. The state trial court had concluded that this intentional nonpayment was "willful and deliberate" and "constituted substantial oppression" under California law. <u>Id.</u> The state trial court also emphasized California courts' strong policy regarding employers' obligation to pay their employees. <u>Id.</u> at 1206-07. The <u>Jercich</u> court based its finding of "tortious conduct" on the state court findings of oppression and the public policy violation, finding that the conduct was tortious under state law. <u>Id.</u> The Jercich court also emphasized that "[w]ages are not ordinary debts." <u>Id.</u> at 1207.

43. In <u>Lockerby</u>, by contrast, the Ninth Circuit held that a lawyer's intentional breach of a settlement agreement involving alleged legal malpractice claims by not paying the client was an "ordinary debt," and not the wage claims like at issue in <u>Jercich</u>, and thus not excepted from discharge pursuant to section 523(a)(6) of the Bankruptcy Code. <u>Lockerby</u>, 535 F.3d at 1043. In so doing, the Court held that the lack of "just cause" in breaching a contract does not render the matter tortious because parties often breach contracts when it is to their financial benefit, and even though that may not be "just," it also does not render such a breach tortious and thus excepted from discharge pursuant to section 523(a)(6). <u>Id.</u> In other words, even when a breach of contract was intentional, and done without just cause, that, without tortious conduct, is not enough to have the debt excepted from discharge pursuant to section 523(a)(6) of the Bankruptcy Code.

44. In the case at hand, breaching a contract, even when done intentionally and without "just cause" or excuse, is not tortious and is thus insufficient to establish a 523(a)(6) claim. As a result, Plaintiffs' claims for intentional breach of contract are simply insufficient to sustain their 523(a)(6) claim as a matter of law. In sum, Plaintiff has failed to assert the requisite specific facts against Defendant that support that relief could be granted against the Defendant under section 523(a)(6) of the Bankruptcy Code.

### IV. CONCLUSION

WHEREFORE, Defendant requests that the Court DISMISS WITH PREJUDICE the Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable pursuant to Fed. R. Bankr. P. 7012(b) and for failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b), made applicable pursuant to Fed. R. Bankr. P. 7009.  Defendant also requests such other and further relief as is just and proper.

Dated:  May 3, 2023.

By:  /s/ Zachariah Larson
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
MATTHEW C. ZIRZOW, ESQ.
850 E. Bonneville Ave.
Las Vegas, Nevada  89101

Attorneys for Defendant